**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE OCHS,<br><br>Plaintiff,<br><br>-against-<br><br>JS GROUP (US) LTD.; JSG ET OCHS LLC; and ET OCHS LLC,<br><br>Defendants. | **Case No. 26-cv-9598**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michelle Ochs ("Ochs" or "Plaintiff"), by and through her undersigned counsel, alleges against Defendants as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendants' exploitation of creative director, designer and founder Michelle Ochs' name, identity, reputation, and work after failing to obtain the rights to do so, and their continued efforts to trade on their association with her without her consent after ending her active involvement in the business. In sum, Ochs built this brand twice. She co-founded it in 2008 and made her name synonymous with it, and when Defendants acquired its remnants out of bankruptcy in 2021, they came to her because the name alone was worth nothing without her. Ochs delivered. She not only designed the collections, but secured the press, the runway placement, and flagship retailers that had abandoned the brand before she returned. Defendants promised her a partnership in exchange, including equity, a board seat, a salary, and a share of profits. For five years, they never papered a word of it. Instead, they paid her as a contractor, dragged their feet, fell chronically into arrears, registered her surname as their trademark without the written consent their own lawyers had drafted and failed to obtain, and,

when she pressed for the deal she was promised, cut her fee by two-thirds and narrowed her role. They kept her name. They kept the business she rebuilt. But they gave her neither the partnership nor the compensation, effectively misappropriating a multi-million dollar asset represented by the OCHS name, business and brand.

2. Ochs co-founded CUSHNIE ET OCHS in 2008 and spent a decade building the reputation and goodwill associated with her name. When Ochs left the business in 2018, the business stopped using her name and rebranded as CUSHNIE. When that business later shut down, Defendants sought out and engaged Ochs to revive the brand. They publicly promoted the revival as Ochs's return and relied on her identity, creative work, reputation, relationships, and personal participation to generate the press, retailer interest, and industry credibility needed to relaunch the business.

3. Yet Ochs, not Defendants, owns the rights to her name and identity. In 2022, Defendants presented Ochs with a proposed agreement expressly seeking an exclusive, irrevocable, perpetual, worldwide grant of rights in the OCHS name, together with her written consent to register it as a trademark. Ochs refused. She did not sign the agreement, did not sign the consent, and did not grant Defendants ownership or perpetual control of her name, likeness, persona, or publicity rights.

4. Defendants nevertheless proceeded as if she had.

5. JSG ET OCHS LLC obtained U.S. Trademark Registration No. 7,069,339 for CUSHNIE ET OCHS without Ochs' written consent. Defendants thereafter continued to commercially exploit CUSHNIE ET OCHS and ET OCHS and, as recently as August 2026, expressly advertising apparel under the designation "Et Ochs by Michelle Ochs," even though

Michelle Ochs was no longer designing, sponsoring, approving, or affiliated with the goods being sold.

6. The result is that Ochs has lost control over whether and how her own name is used to sell fashion goods and over what products and business decisions are presented to the public as carrying her authorship or approval. Ochs brings this action to regain that control, put an end to Defendants' unauthorized exploitation of her identity, cancel or rectify the improperly obtained federal registration, recover the profits and other benefits Defendants derived from trading on her name and reputation, and recover the compensation Defendants failed to pay for her work.

## THE PARTIES

7. Plaintiff Michelle Ochs is an individual residing in New Jersey. She is an internationally recognized fashion designer and the person identified by the surname OCHS in the CUSHNIE ET OCHS and ET OCHS designations.

8. Defendant JS Group (US) Ltd. ("JS Group") is a Delaware corporation with an office at 475 Tenth Avenue, New York, New York 10018. JS Group executed the May 7, 2021 consulting agreement with Ochs and directed and benefited from her services.

9. Defendant JSG ET OCHS LLC ("JSG ET OCHS") is a limited liability company organized under the laws of Delaware, with its principal place of business at 475 Tenth Avenue, New York, New York 10018. JSG ET OCHS is the owner of record of U.S. Trademark Registration No. 7,069,339 and is alleged to control or participate in the ET OCHS business.

10. Defendant ET OCHS LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 475 Tenth Ave, 11th Floor, New York, New

York 10018. It was identified as the employing or operating entity in Defendants' proposed definitive agreement and, upon information and belief, operates or participates in the ET OCHS business.

11. JS Group, JSG ET OCHS, and ET OCHS LLC are referred to collectively as the "JSG Entities."

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

13. This Court has jurisdiction under 15 U.S.C. § 1121 and authority under 15 U.S.C. § 1119 to determine the right to registration, order cancellation or rectification of a registration, and otherwise rectify the register with respect to registrations of parties to this action.

14. This Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, because an actual and immediate controversy exists concerning Defendants' claimed right to register and use Ochs's identity and the validity of Registration No. 7,069,339.

15. This Court has supplemental jurisdiction over the related New York statutory and common-law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(a) because a substantial part of the events and omissions giving rise to the claims occurred in this District, Defendants transact business here, Ochs performed substantial services here, and the challenged goods and advertising were offered to consumers here.

17. This Court has personal jurisdiction over Defendants because they reside in, transact substantial business in, or purposefully directed the challenged conduct toward New York and this District, and because the claims arise from those contacts.

## FACTUAL ALLEGATIONS

### A. Michelle Ochs and the Source-Identifying Significance of OCHS

18. Ochs co-founded the women's luxury-fashion label CUSHNIE ET OCHS in 2008 and served as a namesake designer and creative force for that brand for approximately ten years.

19. The brand name combined the surnames of its two founders. In the fashion trade and among consumers, OCHS referred to Michelle Ochs personally, not to an invented word or anonymous corporate source.

20. Ochs's public record of achievement includes being named Parsons School of Design's Designer of the Year in 2007, receiving an Ecco Domani Fashion Foundation award in 2009, and being selected as a CFDA/Vogue Fashion Fund finalist in 2011.

21. She has also been recognized by Forbes's "30 Under 30," nominated for a Fashion Group International Rising Star award and multiple Cooper Hewitt National Design Awards, and has been a member of the Council of Fashion Designers of America since 2012.

22. Her designs have been worn by prominent figures including Michelle Obama, Beyoncé, Jennifer Lopez, Reese Witherspoon, Margot Robbie, Kate Hudson, Lupita Nyong'o, and Gal Gadot. In June 2023, she was appointed Creative Director of Hervé Léger.

23. This acclaim, together with a decade of press, runway presentations, retail distribution, and celebrity use under CUSHNIE ET OCHS, created substantial goodwill in the

OCHS name and firmly associated that name with Michelle Ochs in the fashion industry and among consumers.

24. When Ochs departed the original business in 2018, the business removed her surname from the brand and began trading as CUSHNIE. That change further reflected the marketplace understanding that OCHS identifies Michelle Ochs.

**B. The Original Business Ended and Defendants Recruited Ochs for a Revival**

25. The CUSHNIE business announced that it was shutting down in or about October 2020. The original CUSHNIE ET OCHS federal registration covering clothing, Registration No. 3,750,456, was cancelled under Section 8 on September 18, 2020.

26. Certain former brand assets were transferred to Hilldun Corporation ("Hilldun"), a New York factoring company, in or about December 2020 following a UCC sale. Cushnie LLC later filed a Chapter 7 bankruptcy petition in the Eastern District of New York on May 3, 2021, Case No. 21-41212.

27. Against this backdrop, in 2021, Hilldun and the JSG Entities approached Ochs about relaunching a fashion business around the CUSHNIE ET OCHS brand and Ochs' return as its creative leader.

28. A May 4, 2021 term sheet described Ochs as a well-known designer and contemplated a new venture in which Ochs would hold a 25% interest and serve as Founder and Chief Creative Officer under a five-year employment agreement providing a $250,000 annual salary and 10% of pretax profits.

29. Although the term sheet was nonbinding, its terms confirm that Defendants were not merely seeking to revive an old brand. They sought Ochs's personal participation in a new

venture built around her return, her creative leadership, and the commercial value of her identity and reputation.

**C. The Consulting Agreement Granted Defendants No Perpetual Rights to Ochs's Name or Identity**

30. On May 7, 2021, Ochs and JS Group entered a written, month-to-month consulting agreement under which Ochs was paid $23,000 per month.

31. The consulting agreement defined Ochs's services as preparing and establishing a revival of the CUSHNIE ET OCHS brand and providing creative leadership and direction.

32. The consulting agreement addressed the parties' respective rights in work product and preexisting intellectual property, but it did not grant JS Group or any other Defendant ownership of or a perpetual license to Ochs's name, surname, likeness, persona, identity, or right of publicity.

33. Nor did the consulting agreement contain Ochs's written consent to apply to register or register CUSHNIE ET OCHS, ET OCHS, OCHS, or any other designation identifying her.

34. To the contrary, Section 6 expressly referenced rights of publicity and privacy in defining protected interests, confirming that the parties understood Ochs' personal rights to be distinct from the work product and preexisting intellectual-property rights addressed by the limited consulting agreement.

**D. Ochs Created the Market Value for the Proposed Relaunch**

35. Defendants did not recruit Ochs merely to provide isolated design services. They positioned her return as the centerpiece of the relaunch, and Ochs undertook substantial work to rebuild the business around that premise.

36. Ochs brought to the relaunch not only her creative work, but the reputation, credibility, and industry relationships she had developed over more than a decade in the fashion industry. Defendants sought and benefited from those relationships in introducing ET OCHS to retailers, press, industry organizations, and consumers.

37. On September 1, 2021, Ochs personally emailed Vogue editor Anna Wintour to announce the launch of ET OCHS, specifically naming her "partnership" with JS Group and to offer a preview of the new collection. Wintour responded favorably, and Ochs then coordinated with Defendants and their public-relations agency to pursue press surrounding the launch, including outreach to Vogue Runway.

38. Ochs also caused ET OCHS to be included on the CFDA's New York Fashion Week calendar and established the brand on the CFDA's Runway360 platform. On September 7, 2021, the CFDA promoted the relaunch under the headline, "Michelle Ochs is Back with Et Ochs!"

39. Industry press likewise presented ET OCHS as Ochs's return. Hilldun's Gary Wassner publicly described Ochs in WWD as the direction-setting partner of the original business and the right person to rebirth the brand, while acknowledging that market response to the prior business had weakened after Ochs left.

40. Ochs similarly brought the relaunched brand back before Bergdorf Goodman. The retailer, which had discontinued its relationship with the prior business after Ochs's departure and declining sell-throughs, expressed interest in becoming the exclusive major New York partner for the relaunched ET OCHS brand.

41. The resulting press attention, retailer interest, and industry recognition were not incidental to Ochs's participation. Defendants deliberately presented the relaunch to the market as Michelle Ochs's return and obtained the commercial benefit of her name, reputation, creative work, and industry relationships. That benefit arose precisely because the market understood ET OCHS and CUSHNIE ET OCHS to be connected to Michelle Ochs.

**E. The Trademark Application, Pre-Use Assignment, and Statement of Use**

42. On June 25, 2021, Hilldun filed intent-to-use Application Serial No. 90/795,739 to register CUSHNIE ET OCHS for clothing in International Class 25.

43. Hilldun filed the application under Section 1(b), representing a *bona fide* intention to use the mark in commerce. No allegation of use had then been accepted.

44. Effective December 6, 2021, before an accepted allegation of use, Hilldun purported to assign the pending application to JSG ET OCHS. The assignment was recorded with the USPTO on January 26, 2022, at Reel/Frame 7568/0243.

45. The publicly available assignment record does not establish that JSG ET OCHS was a successor to the portion of Hilldun's ongoing and existing business to which the mark pertained, as required by 15 U.S.C. § 1060(a)(1) for a pre-use assignment. On information and belief, JSG ET OCHS did not acquire Hilldun's ongoing and existing business, or the portion of that business to which the application pertained, in connection with the assignment.

46. The application was published for opposition on April 19, 2022, and a notice of allowance issued on August 9, 2022.

47. On February 8, 2023, after Hilldun had purportedly assigned the application, a verified statement of use was submitted in Hilldun's name. The submission asserted use at least

as early as August 2009 and relied on a garment label associated with the legacy business rather than one that was currently being marketed.

48. On March 7, 2023, the USPTO identified an ownership conflict. On March 30, 2023, JSG's trademark counsel responded that the owner should be JSG ET OCHS.

49. Registration No. 7,069,339 issued to JSG ET OCHS on May 30, 2023 for CUSHNIE ET OCHS for clothing. The registration record contains no statement that Michelle Ochs consented to registration.

50. Ochs never signed a written consent to the registration, and she never authorized Hilldun, JSG ET OCHS, or anyone else to sign such a consent for her.

**F. Defendants Sought, but Ochs Refused to Grant, Perpetual Rights to Her Name**

51. On April 14, 2022, counsel for the JSG Entities circulated a proposed definitive employment agreement to Ochs.

52. The proposed agreement sought an exclusive, irrevocable, perpetual, worldwide grant of rights in the OCHS name and related indicia of Ochs' identity.

53. The proposed agreement also sought Ochs' execution of a separate "Consent to Register" authorizing registration of her name, together with a power of attorney that would permit Defendants to execute the consent on her behalf if Ochs did not sign it within ten days.

54. Defendants' request for these rights confirms that they understood they did not already possess them. Neither the consulting agreement nor the parties' prior dealings had granted Defendants perpetual rights to Ochs's name or the written consent they sought to register it.

55. Ochs refused to grant those rights. She did not sign the proposed employment agreement, did not sign the proposed Consent to Register, and did not grant Defendants the proposed power of attorney.

56. No Defendant thereafter obtained Ochs' written consent to register her name or any perpetual grant of rights to commercially exploit her identity.

**G. Ongoing Commercial Use Falsely Suggests Ochs's Participation and Approval**

57. Defendants have used ET OCHS in interstate commerce to advertise, offer, and sell women's apparel.

58. As of at least August 10, 2026, the ET OCHS website and search metadata expressly promoted the business as "Et Ochs by Michelle Ochs."

59. That statement was false or materially misleading because Ochs had not approved the use, and was no longer designing for, sponsoring, approving, or affiliated with the business or the apparel being sold.

60. As of September 3, 2026, the website continued to operate under ET OCHS, advertise a "Fall 2026" collection, and offer apparel for sale, even though the site title no longer displayed the full "by Michelle Ochs" phrase observed in August, presumably as a result of the letter sent by Ochs on August 10, 2026.

61. The exact use of Ochs's surname in the ET OCHS name, the history of the namesake brand, Defendants' prior publicity about Ochs's return, and the express "by Michelle Ochs" statement create a likelihood that consumers, retailers, and the press will believe Ochs designs, sponsors, approves, or remains affiliated with Defendants' goods and business.

62. Defendants deliberately sought to capitalize on the goodwill associated with Ochs's identity. They recruited her to relaunch the business, promoted the relaunch as her return, used her work and relationships to generate press and retailer interest, and later sought, but failed to obtain, perpetual rights to her name.

63. Defendants' conduct deprives Ochs of something uniquely personal as well as commercially valuable: control over her own name and the professional associations that come with it. The deprivation interferes with her ability to decide what she designs, endorses, or licenses, creates confusion with her other design work, and exposes her reputation to goods and business decisions she does not control.

64. Defendants have derived sales, publicity, retailer interest, and commercial benefits from the unauthorized association with Ochs. The amounts are within Defendants' exclusive knowledge.

**H. Compensation, Control, and Classification**

65. Ochs performed substantial, integral creative and launch services for the JSG Entities over approximately three years.

66. Defendants controlled the commercial objectives, budgets, timing, personnel, production, and approval process for the work. Defendants integrated Ochs into the relaunch and held her out as a founder and creative leader.

67. Defendants labeled Ochs an independent contractor and failed to furnish the wage notices and wage statements required for an employee under New York law.

68. Defendants repeatedly fell into arrears on Ochs's agreed monthly compensation. Ochs was required to make repeated demands before receiving amounts already due.

69. In or about 2025, Defendants processed certain past-due amounts through payroll as wages, notwithstanding their prior contractor characterization.

70. As of September 2026, Defendants owed Ochs significant unpaid or underpaid compensation, exclusive of statutory damages, interest, fees, and compensation for services outside the written scope.

**I. Revocation, Demand, and Continuing Controversy**

71. By letter dated August 10, 2026, Ochs notified Defendants that she had not consented in writing to registration or perpetual use of her identity and expressly revoked any implied or informal permission Defendants might claim.

72. The letter demanded, among other things, cessation of unauthorized use, corrective action concerning the federal registration, an accounting, payment and employment records, preservation of evidence, and a response by August 24, 2026.

73. Defendants have not ceased the challenged use, disclaimed any claimed perpetual right to Ochs' name, provided the demanded relief, or voluntarily cancelled Registration No. 7,069,339.

74. Defendants' continued use and registration create a concrete and immediate controversy and a continuing threat of consumer confusion and irreparable harm to Ochs's identity and reputation.

**<u>COUNT I</u>**

**FALSE ASSOCIATION AND FALSE ENDORSEMENT**

**(LANHAM ACT § 43(A)(1)(A), 15 U.S.C. § 1125(A)(1)(A))**

***Against All Defendants***

75. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

76. OCHS and MICHELLE OCHS identify Plaintiff and embody goodwill arising from her career, public recognition, and decade as a namesake designer of CUSHNIE ET OCHS.

77. Defendants used Ochs's exact surname and, at times, her full name in designations and advertising in interstate commerce in connection with apparel and related commercial services.

78. That use is likely to cause confusion, mistake, or deception as to Ochs's affiliation, connection, or association with Defendants and as to her sponsorship or approval of Defendants' goods, services, and commercial activities.

79. The association with Ochs is false. Ochs did not authorize the challenged ongoing use, did not sign any perpetual name-rights agreement or consent, and expressly revoked any arguable implied permission.

80. The challenged use is willful because Defendants knew the name identified Ochs, promoted the relaunch as her return, and sought but failed to obtain perpetual name rights and a written registration consent.

81. Ochs has suffered and will continue to suffer injury to her reputation and, centrally, loss of control over the commercial use of her own name and the products and business with which the public associates her. Defendants' conduct has also impaired her licensing and design opportunities, diverted goodwill, and caused other monetary and irreparable harm.

82. Ochs is entitled to injunctive relief, Defendants' profits, her damages, costs, and, because this is an exceptional case, reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

**COUNT II**

**DECLARATORY JUDGMENT**

**(28 U.S.C. §§ 2201–2202)**

***Against All Defendants***

83. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

84. An actual, substantial, and immediate controversy exists concerning whether Defendants possess any written consent, assignment, perpetual license, or other enforceable right to register or commercially exploit Ochs's name, surname, persona, or identity.

85. A further controversy exists concerning whether Registration No. 7,069,339 authorizes Defendants to represent that Ochs designs, sponsors, approves, or remains affiliated with their goods or business.

86. Ochs contends that Defendants possess no such written consent, assignment, or perpetual license; that any limited implied permission was revocable and has been revoked; and that a trademark registration does not authorize false endorsement or the unauthorized commercial use of her persona.

87. Defendants' conduct and continued registration are inconsistent with Ochs's position and threaten ongoing commercial and reputational injury.

88. Ochs is entitled to a declaration defining the parties' rights and confirming that Defendants have no enforceable right to use her identity in a manner that suggests her affiliation, sponsorship, approval, or authorship.

## COUNT III

## CANCELLATION AND RECTIFICATION OF THE REGISTER

## (15 U.S.C. §§ 1052(C), 1060(A)(1), 1064, AND 1119)

***Against JSG ET OCHS***

89. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

90. Registration No. 7,069,339 is the registration of a party to this action and is directly implicated by Ochs's live false-association and declaratory claims.

91. CUSHNIE ET OCHS consists of or comprises the surname of the living individual Michelle Ochs whose identity is unmistakably associated with the designation.

92. Ochs never provided written consent to registration. Registration therefore issued contrary to 15 U.S.C. § 1052(c).

93. Ochs has a real interest and a reasonable belief of damage because the registration appropriates her surname, facilitates false endorsement, clouds her ability to control her identity, and is being asserted or used in connection with ongoing commerce.

94. The December 2021 assignment was made while the application remained intent-to-use and before an accepted allegation of use. Unless JSG ET OCHS was a successor to Hilldun's ongoing and existing business, or the portion thereof to which the mark pertained, the assignment violated 15 U.S.C. § 1060(a)(1) and rendered the application and resulting registration void.

95. In addition, the February 2023 statement of use was submitted in Hilldun's name after Hilldun had assigned the application to JSG ET OCHS, creating a material defect as to the identity of the applicant and the party entitled to verify use.

96. The legacy-label specimen and claimed 2009 first-use date did not establish use by the proper applicant in the ordinary course of trade as of the statement-of-use filing date.

97. Under 15 U.S.C. § 1119, the Court should determine title and the right to registration and order the USPTO to cancel Registration No. 7,069,339 or make such other rectification of the register as justice requires.

**COUNT IV**
**FRAUDULENT PROCUREMENT OF REGISTRATION**
**(15 U.S.C. § 1120)**
***Against JSG ET OCHS***

98. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

99. JSG ET OCHS claimed ownership of Application Serial No. 90/795,739 under the December 2021 assignment. In or about June 2022, its counsel became the attorney of record for the application and remained so through registration.

100. On February 8, 2023, while that counsel was attorney of record, a verified statement of use was submitted. It represented, among other things, that Hilldun was the applicant entitled to file it, that the mark had been in use since at least August 2009 and was in use in commerce on the identified goods, and that the accompanying specimen showed the mark as so used.

101. On information and belief, those representations were false. Among other things, Hilldun had assigned the application more than a year earlier, and the specimen was not a specimen of goods in commerce. It depicted a years-old garment label that was not currently being marketed.

102. JSG ET OCHS procured the registration on the strength of that statement of use. Through its counsel, it responded on March 30, 2023 to the USPTO's March 7, 2023 office action, after which the USPTO accepted the statement of use and, on May 30, 2023, issued Registration No. 7,069,339 to JSG ET OCHS.

103. On information and belief, JSG ET OCHS knew the representations were false and intended the USPTO to rely on them, which the USPTO did.

104. The representations were material. Without a verified claim of use and a specimen showing it, the USPTO could not have accepted the statement of use or issued the registration.

105. Ochs has been injured by the fraudulently procured registration through loss of control over her identity, marketplace confusion, impairment of licensing and employment opportunities, investigation and corrective costs, and other damages in an amount to be proven at trial.

106. Under 15 U.S.C. § 1120, the persons who procured the registration by a false or fraudulent declaration or representation are liable for Ochs's resulting damages.

## COUNT V
## UNAUTHORIZED USE OF NAME FOR ADVERTISING AND TRADE
## (NEW YORK CIVIL RIGHTS LAW §§ 50-51)

***Against All Defendants who participated in the challenged use***

107. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

108. OCHS and MICHELLE OCHS are Plaintiff's name and indicia of identity within the meaning of New York Civil Rights Law §§ 50 and 51.

109. Within New York and without Ochs's written consent, Defendants used her name and identity for advertising purposes and purposes of trade, including to name, promote, and sell apparel through ET OCHS and the express phrase "Et Ochs by Michelle Ochs."

110. The uses were not incidental. Ochs's identity supplied the commercial message and endorsement value that Defendants sought to obtain.

111. The challenged uses include new or updated online advertising, product offerings, collection pages, and sales occurring within the one-year limitations period, including the uses observed on August 10 and September 3, 2026.

112. Any implied permission arising from the limited consulting relationship ended with that relationship and, in all events, was expressly revoked by August 10, 2026. No written consent authorized the continuing uses.

113. Defendants acted knowingly, and their continued conduct after written notice was willful.

114. Ochs is entitled under Section 51 to injunctive relief, compensatory damages, and exemplary damages for knowing use, together with all other available relief.

## COUNT VI
## DECEPTIVE ACTS AND PRACTICES
## (NEW YORK GENERAL BUSINESS LAW § 349)
***Against the JSG Entities***

115. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

116. Defendants' online advertising and sale of apparel under ET OCHS and "Et Ochs by Michelle Ochs" were consumer-oriented acts directed to the public at large.

117. The acts were materially misleading because reasonable consumers could understand them to represent that Ochs designed, sponsored, approved, or remained affiliated with the goods and business.

118. The deception is distinct from a purely private trademark dispute. It concerns the truth of representations made to consumers about the human designer and source of contemporary fashion goods.

119. As a direct result, Ochs suffered injury independent of consumer confusion alone, including loss of control over her professional identity, impairment of licensing and employment opportunities, corrective costs, and diminution of the value of her endorsement.

120. Defendants' conduct was knowing and willful, particularly after Ochs's written notice. Ochs is entitled to actual damages, statutory or treble damages to the extent allowed, injunctive relief, costs, and reasonable attorneys' fees under N.Y. Gen. Bus. Law § 349(h).

## COUNT VII

## COMMON-LAW UNFAIR COMPETITION AND MISAPPROPRIATION

***Against All Defendants who participated in the challenged use***

121. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

122. Ochs owns valuable goodwill in her name, surname, identity, reputation, and professional association with CUSHNIE ET OCHS.

123. Defendants misappropriated that goodwill and used it to attract press, retailers, and consumers to a business and goods outside Ochs's control.

124. Defendants acted in bad faith because they knew OCHS identified Plaintiff, built the relaunch around her return, and sought but never obtained an irrevocable perpetual name grant and written registration consent.

125. Defendants' conduct caused actual and likely confusion and unjustly diverted commercial benefit from Ochs.

126. Ochs is entitled to injunctive relief, damages, an accounting and disgorgement of profits, punitive damages to the extent proven, and all other available relief.

## COUNT VIII

## BREACH OF CONTRACT

***Against JS Group and, in the alternative, any JSG Entity that assumed or became bound by the agreements***

127. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

128. The May 7, 2021 consulting agreement is a valid and enforceable contract.

129. Ochs performed her obligations or was ready, willing, and able to perform, except to the extent performance was excused by Defendants' breach.

130. JS Group breached by failing to pay all monthly fees when due and by failing to pay for agreed services in accordance with the contract.

131. To the extent another JSG Entity accepted assignment of, assumed, or operated as the disclosed or undisclosed principal under the agreements, that entity is liable in the alternative.

132. As a direct and proximate result, Ochs has suffered contract damages in an amount to be determined at trial, plus prejudgment interest under N.Y. C.P.L.R. §§ 5001 and 5004, costs, and other relief permitted by the agreements and law.

## COUNT IX

## FAILURE TO PROVIDE WAGE NOTICES AND WAGE STATEMENTS (NEW YORK LABOR LAW §§ 195(1), 195(3), 198(1-B), AND 198(1-D))

***Against the JSG Entities, pleaded in the alternative***

133. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

134. This Count is pleaded in the alternative to Ochs's contractor-based claims. The labels used by the parties are not controlling if the economic reality of the relationship made Ochs an employee.

135. During the relevant period, the JSG Entities exercised sufficient control over Ochs's work and compensation, and benefited sufficiently from her integral services, to constitute employers under the New York Labor Law.

136. Defendants did not provide Ochs, at the time of hire and as otherwise required, a compliant written notice stating her rate and basis of pay, allowances, regular payday, employer name, doing-business-as names, physical and mailing addresses, telephone number, and other required information.

137. Defendants did not furnish compliant wage statements with each payment listing dates of work covered, employer information, rates and basis of pay, gross and net wages, deductions, allowances, and other required information.

138. The later processing of certain arrears through payroll did not cure prior notice and statement violations.

139. The missing notices and statements caused concrete downstream harm. Ochs lacked contemporaneous information needed to identify the responsible employing entity, verify the rate and basis of pay, reconcile payments against amounts due, and timely advocate for full

payment. She spent additional time and expense reconstructing those facts, and the informational failures delayed her ability to detect and collect arrears.

140. Ochs is entitled to statutory damages up to the applicable caps, costs, reasonable attorneys' fees, and other relief under N.Y. Labor Law § 198.

## COUNT X
## UNTIMELY OR INCOMPLETE PAYMENT TO A FREELANCE WORKER (NEW YORK CITY ADMINISTRATIVE CODE §§ 20-928, 20-929, AND 20-933)

***Against JS Group and any other hiring party, pleaded in the alternative***

141. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

142. This Count is pleaded in the alternative. If Ochs was not an employee, she was a freelance worker within the meaning of the New York City Freelance Isn't Free Act, and JS Group was a hiring party.

143. The value of the work was far greater than the statutory threshold, and substantial services were performed in New York City.

144. The written agreement was required to state the parties' names and addresses, an itemization and value of services, the rate and method of compensation, and the date or mechanism for determining payment. To the extent the agreement omitted required information, JS Group violated Section 20-928.

145. JS Group failed to pay the contracted compensation in full on or before the contractual due dates and required Ochs to make repeated collection demands.

146. Ochs is entitled to the statutory remedies provided by Section 20-933, including the amount due, double damages for untimely or incomplete payment to the extent allowed, injunctive relief, reasonable attorneys' fees, and costs.

**COUNT XI**

**PROMISSORY ESTOPPEL**

***Against the JSG Entities, pleaded in the alternative***

147. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein

148. Separate from the nonbinding term sheet itself, Defendants made clear and unambiguous promises in 2021 that Ochs would receive a definitive long-term role, equity participation, and agreed compensation if she devoted her creative work, reputation, and relationships to the relaunch.

149. Defendants reasonably expected Ochs to rely on those promises, because the proposed revival depended on her identity, creative leadership, and industry relationships.

150. Ochs reasonably and foreseeably relied by devoting substantial time, developing collections and launch strategy, approaching press and retailers, and permitting Defendants temporarily to present the revival as her return.

151. Ochs suffered an unconscionable injury when Defendants retained the fruits of that reliance, failed to provide the promised definitive arrangement, and continued exploiting the identity and goodwill she helped reactivate.

152. Ochs is entitled to reliance damages and such other relief as is necessary to avoid injustice.

**COUNT XII**

**QUANTUM MERUIT**

***Against the JSG Entities, pleaded in the alternative***

153. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein.

154. Ochs performed valuable services in good faith for Defendants, including services outside the enforceable scope or duration of any written agreement.

155. Defendants accepted and benefited from those services, including collections, creative direction, launch strategy, retailer and press access, and the commercial value of Ochs's personal participation.

156. Defendants knew or should have known that Ochs expected to be compensated fully for those services and did not intend them as a gift.

157. The reasonable value of the uncompensated services is in an amount to be established at trial.

158. Ochs is entitled to recover the reasonable value of the services, with prejudgment interest.

## <u>COUNT XIII</u>
## UNJUST ENRICHMENT
***Against All Defendants, pleaded in the alternative***

159. Plaintiff repeats and realleges the preceding Paragraphs as if fully set forth herein.

160. Defendants were enriched by Ochs's services, reputation, goodwill, name, retailer access, press interest, and the market value created by presenting ET OCHS as her return.

161. The enrichment came at Ochs's expense through uncompensated or undercompensated work and the unauthorized continued commercial exploitation of her identity.

162. The circumstances make it against equity and good conscience for Defendants to retain those benefits without paying their reasonable value or disgorging profits attributable to the unauthorized use.

163. This claim is pleaded only to the extent the subject matter is not governed by an enforceable contract and to the extent it rests on benefits and conduct not fully remedied by the statutory claims.

164. Ochs is entitled to restitution, disgorgement, an accounting, prejudgment interest, and other equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michelle Ochs respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

A. Declaring that Defendants possess no valid written consent, assignment, irrevocable license, or perpetual right to register or commercially exploit Ochs's name, surname, persona, or identity, and that any implied permission was revocable and has been revoked;

B. Declaring that Registration No. 7,069,339 does not authorize Defendants to make a false or misleading representation that Ochs designs, sponsors, approves, or remains affiliated with Defendants' goods or business;

C. Ordering, under 15 U.S.C. § 1119, cancellation of Registration No. 7,069,339 or such other rectification of the register as the Court deems just, and directing the Clerk to certify the order to the Director of the USPTO;

D. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from using MICHELLE OCHS, OCHS, ET OCHS, CUSHNIE ET OCHS, "Et Ochs by Michelle Ochs," or any confusingly similar designation in a manner that represents or is likely to represent Ochs's current authorship, affiliation, sponsorship, or approval without her written consent;

E. Requiring corrective advertising and reasonable measures to dispel existing confusion, including correction of websites, metadata, social media, retailer listings, press materials, and product descriptions;

F. Requiring an accounting of revenues, profits, sales, advertising, inventory, licensing, transfers, and other commercial activity associated with the challenged designations and uses;

G. Awarding Ochs Defendants' profits, her actual damages, statutory damages, reliance damages, restitution, disgorgement, and all compensation due, in amounts to be determined at trial without duplicative recovery;

H. Awarding enhanced, treble, exemplary, and punitive damages to the extent authorized and proven;

I. Awarding prejudgment and post-judgment interest at the maximum lawful rates;

J. Awarding costs, disbursements, and reasonable attorneys' fees to the extent authorized by statute, contract, or other law; and

K. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 2, 2026

Respectfully submitted,

**HAND BALDACHIN & ASSOCIATES LLP**

By: */s/ Adam B. Michaels*

Adam B. Michaels (amichaels@hballp.com)
Marc S. Reiner (mreiner@hballp.com)
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
(212) 956-9500

*Attorneys for Plaintiff Michelle Ochs*